050312Nf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES W. TATE, JR., ) | |
| ) | C10-2006 |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JOHN AULT, Warden, Iowa State ) | |
| Penitentiary, ) | |
| Respondent. ) | |

This matter is before the court on petitioner's Petition for Writ of Habeas Corpus pursuant to 28 USC §2254, filed March 8, 2010. The briefing schedule concluded January 3, 2012. Dismissed.

Petitioner brings this action challenging his conviction for first-degree murder of his infant son. See State of Iowa v. Tate, 713 NW2d 247 (table), 2006 WL 334185 (IA App 2006). In his Petition he raises four grounds for review, characterized as improper admission of the prior bad acts of "yelling and swearing at his child" (Ground 1), ineffective assistance of counsel for failing to object or move for exclusion of numerous references to other bad acts, or move for a mistrial upon prosecutorial remarks characterizing petitioner as a liar (Ground 2), trial court error in not permitting his theory of defense (Ground 3), and a witness's improper comment upon his credibility (Ground 4). Petitioner's counsel notes that of those four, petitioner sought review before the Iowa Supreme Court on only those issues identified in Grounds 1 and 2 of the Petition, and therefore the issues presented in

Grounds 3 and 4 are barred. O'Sullivan v. Boerckel, 526 US 838 (1999); 28 USC §2254(c).

Petitioner's counsel submits petitioner's brief pursuant to Anders v. California, 386 US 738 (1967), concludes petitioner presents no issues that are not legally frivolous, and seeks permission to withdraw. Alternatively, he seeks a stay of this action pending petitioner's return to state court to exhaust unexhausted claims, seeking to amend a state post-conviction action to raise a claim of new evidence as to the reliability of shaken baby syndrome. In support, petitioner asserts there exist recent studies increasingly challenging the science regarding shaken baby syndrome, to the extent that the trial court testimony should be reexamined. As a second alternative, he seeks an evidentiary hearing to present the claim of new evidence regarding shaken baby syndrome.

Upon review of Grounds 1 and 2, for the reasons discussed by the Iowa Court of Appeals, it is the court's view that there was no error in the trial court's admission of the prior bad acts of "yelling and swearing at his child," nor is habeas relief warranted by the claimed ineffectiveness as to other bad acts, or the prosecutor's remarks. State v. Tate, 2006 WL 334185, *3-6 (IA App 2006). Accordingly, the evidentiary claim cannot satisfy the standards of 28 USC §2254(d), and petitioner cannot establish that counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced thereby. Strickland v. Washington, 466 US 668, 694 (1984).

As to petitioner's contention that new evidence regarding the reliability of shaken baby syndrome warrants reexamination of the issue, it appears that petitioner's state post-conviction action concluded on August 17, 2010, following the Iowa Supreme Court's dismissal thereof as frivolous. More than three years having passed since the finality of petitioner's direct appeal on April 25, 2006, any additional state post-conviction proceedings would be barred by the three year limitation period of IC §822.3, and the claim is procedurally defaulted. Federal habeas review is unavailable unless petitioner can demonstrate cause and prejudice for failure to exhaust a claim, or that failure to review the claim would result in a fundamental miscarriage of justice. House v. Bell, 547 US 518, 536 (2006).

As noted by the Iowa Court of Appeals in State v. Tate, supra, the primary issue at petitioner's trial was the determination as to the cause of the infant's injuries and death, and whether the injuries were caused by an accident, rather than intentional trauma inflicted by petitioner. In support of petitioner's claim of new evidence, he urges that while he had the benefit of some experts at trial who contradicted "shaken baby science," in the last several years there is a growing camp of experts who are increasingly challenging the status of shaken baby science.

A petitioner asserting actual innocence as a gateway to raising defaulted claims "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

3

doubt.'" House v. Bell, supra, 547 US at 536-537, quoting Schlup v. Delo, 513 US 298, 327 (1995). The Court there explained that this standard ensures that a petitioner's claim is truly extraordinary, permitting a meaningful avenue to avoid a manifest injustice, where sufficient doubt of petitioner's guilt has been raised so as to undermine confidence in the result of the trial, warranting a review of the merits of constitutional claims.

Upon review, whether viewed as a gateway claim of actual innocence, or a freestanding claim of actual innocence (see House v. Bell, 547 US at 554-555, discussing hypothetical freestanding innocence claim) it is the court's view that the asserted factual predicate for petitioner's claim, the claimed growing camp of experts increasingly challenging the science of shaken baby syndrome, would not be sufficient to establish that more likely than not, no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

Upon the foregoing, it is the court's view that the matters raised by petitioner are legally frivolous. Accordingly, counsel shall be granted leave to withdraw, and the Petition shall be dismissed. Pursuant to 28 USC §2253(c), a certificate of appealability may issue only where petitioner "has made a substantial showing of the denial of a constitutional right." It is the court's view that petitioner has not met this standard, and therefore no certificate of appealability shall issue.

It is therefore

ORDERED

Petitioner's counsel is granted leave to withdraw in accordance herewith.

Dismissed.

No Certificate of Appealability shall issue.

May 3, 2012.

                                       Edward J. McManus, Judge
                                       UNITED STATES DISTRICT COURT